FILED

'09 FEB 10 A 11:51

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

SECTION 15

NO. 09-1489        SECT. B

GRACE B. RYAN AND CLARA G. RYAN

VERSUS

THUNDER RESTORATION, INC., ABC INSURANCE, CHUBB FEDERAL INSURANCE COMPANY, MARK REYER

FILED _____                    _____ DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Grace B. Ryan and Clara G. Ryan (hereinafter "Ryan"), citizens of Orleans Parish, Louisiana and domiciled at the property located at 3704 Coliseum Street, New Orleans, Louisiana 70115, who upon information and belief represent as follows:

1.

Made Defendants are Thunder Restoration, Inc., Chubb Federal Insurance Company and Mark Reyer (hereinafter collectively "Defendants"). Thunder Restoration, Inc., is a Minnesota Corporation that at one time was licensed to do business in Louisiana but at the time of this pleading listed as "Not Active" by the Secretary of State for Louisiana, and at all relevant times doing business in this Parish and State. Mark Reyer, a person of the full age of majority, is a member for Thunder Restoration, Inc. (hereinafter "Thunder"), who upon information and belief supervised matters alleged in this Petition and acted as an Agent for Chubb Federal Insurance Company and Thunder, and/or an agent to the Plaintiffs. Also made defendant is ABC Insurance, who is the general liability insurer for Thunder Restorations, Inc., and is liable to Plaintiffs for damages prayed for in this Petition.

2.

Chubb Federal Insurance Company (hereinafter "Chubb"), an Insurance Corporation domiciled in Indiana and licensed to do business in Louisiana, who has upon information and



EXHIBIT A

VERIFIED 2/13/09

belief, treated the Ryan's in a manner inconsistent with state laws by violating its duty to fully indemnify the Ryan's for their losses and further damaging the Ryan's home by forcing fraudulent and incapable contractors in their home with no other option or recourse.

3.

Jurisdiction is proper in this Court because the Court maintains subject matter jurisdiction over the dispute based on the object of the demand and the amount in controversy.

4.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Article 76.1, which states that an action on a contract may be brought in the parish where the contract was executed or where services were performed under the terms of the contract. Both of these exceptions apply in these proceedings because the contract was entered into through the Petitioner's residence in Orleans Parish as well as work and/or services were to be performed under the Contract in controversy in Orleans Parish.

## FACTS AND BACKGROUND

5.

Plaintiffs own the property located at 3704 Coliseum Street, New Orleans, Louisiana 70115 (hereinafter the "Property").

6.

On or around August 29, 2005, Hurricane Katrina passed through the New Orleans area and caused damages to the Property. The Plaintiffs made a claim with its homeowner's insurance policy, held by Chubb.

7.

In or around October of 2005, an adjuster was assigned to the property by Chubb, and thereafter drafted an estimate of damages caused by Hurricane Katrina. Estimates were woefully inadequate and did not cover all of the damage to the residence.

8.

Immediately thereafter, the Ryan's requested that a supplement adjustment be conducted, and were assigned Willie Mack, who soon visited the property and performed said supplemental adjustment..

9.

Between January and April of 2006, to prove its damages the Plaintiffs obtained at least six (6) proposals and estimates from local contractors to repair the property, and provided the same to Chubb and Willie Mack. Willie Mack and Chubb, however, rejected all of these.

10.

In or around April 2006, the Chubb adjustor introduces the Plaintiffs to Mark Reyer, a member of Thunder Restoration, Inc. During a survey of the damage to the home on or around April 18, 2006, Mr. Reyer pulled the refrigerator from the wall inside of the residence causing a small leak when the water line busted, all of which was unknown to anyone until the next time the home was entered at least three weeks later.

11.

After the above-mentioned inspection and rejection of proposals acquired by the Plaintiff, Mack and Chubbs required that the Plaintiff hire Thunder Restorations, Inc. to perform the work at the property, as the Chubb's approved provider of construction services. Work would begin immediately.

12.

On or around June 2006, Thunder met with the Plaintiffs at the Property to commence work upon the home. At this time the leak was discovered along with considerable flooding damaged caused by the same. Not only was there flooding damage from the leak but also there was now mold and mildew throughout the home's interior.

13.

Reyer then informed the family that he would report the flood damage to its homeowner's insurer, Chubbs, thereby making a claim for the same. Upon information and belief, however, Reyer did not make said claim.

14.

From July 2006 through October or November 2007, Thunder Restorations, Inc. was obligated to perform construction work at the Property, and was compensated to perform said work directly by Chubb, and at times directly by the Plaintiff, in the total amount of ONE HUNDRED SIXTY-THREE THOUSAND EIGHT HUNDRED THIRTY-NINE AND 45/100 ($163,839.45) DOLLARS.

15.

At all times that Thunder Restorations, Inc. was performing work at the property, progress on the job was slow, and despite requests by the Plaintiff for updates, none was provided. Furthermore, on many occasions the Plaintiffs would visit the home during the progress of work to find no workers at the Property, and they were unable to get an explanation from Chubb or Thunder Restorations, Inc. as to why this was the case.

16.

During the progress of work, there were many items of damage to the property that were discovered and/or caused by Thunder Restorations. Reyer had informed the Plaintiffs on each of these occasions that he would report to claim to Chubbs. However, upon information and belief, Reyer did not make such claim.

17.

In or around April 2007, the Ryan's were notified from Chubb that its homeowners' policy would be terminated, for reasons that related to prior claims made by the Plaintiffs and the status of repairs being performed by Thunder Restorations, Inc.

18.

On or around July 10, 2007 Reyer informs the Ryan's that Thunder would not be doing any more work on the home and that the situation had become too complicated. He stated that Thunder would refund some of the money paid by the Plaintiffs but a "report" was to be submitted to Thunder first.

20.

Thunder Restorations, Inc. has been paid for work it has not performed, and refuses to return the money to the Plaintiffs for this unperformed work.

21.

Additionally, the faulty workmanship, negligence and breach of contract by Thunder Restorations, Inc. has caused additional damage to the Property, and to the Plaintiffs.

22.

Despite the providing of contractor estimates for the damages, and engineering reports, to Chubbs and/or Thunder Restorations, Inc., all requests for compensation for the damages incurred have been to no avail.

## CAUSES OF ACTION AGAINST THUNDER RESTORATION, INC., MARK REYER AND ABC INSURANCE

23.

The Plaintiff asserts the following causes of action, pled in the alternative where appropriate, against the Defendants.

24.

The Contractor has failed to comply with the strict terms of the Contract by providing faulty and unsatisfactory workmanship in violation of the contract and Louisiana Civil Code Article 2769. Contractor's failure to perform services in the manner required by law has resulted in physical damages to the Property and economic damages to the Plaintiffs.

25.

Contractor failed to perform the duties that it contracted to assume in violation of law, Louisiana. Civil Code Article 1994 states that an obligor is liable for the "damages caused by his failure to perform a conventional obligation." Contractor agreed and was obligated to perform services within a certain scope at a certain quality and in exchange to be paid for such services. Plaintiff has performed its obligations but not received the benefit of the bargain because Contractor has failed to perform portions of the job scope and failed to perform in a satisfactory manner. Contractor's breach of its obligations has resulted in physical damages to the Property and economic damages to the Plaintiff.

26.

Additionally, Contractor has refused to make alterations, mend, remedy or cure the defects in construction, which he has caused at the Property. Because the Contractor has failed to perform its duties and obligations in an unacceptable manner and further agitated this arrangement by making an outright refusal to contact, fairly negotiate with, or give remedy to the Plaintiff, his actions are performed in bad faith, as contemplated by La. Civil Code Article 1997. Furthermore, by misrepresenting himself as a licensed contractor, the Defendants acted in bad faith. Therefore, the Plaintiff requests that this court grant it additional damages as against the Contractor.

27.

Alternatively, in the event that this court does not believe that a valid contract exists between the parties or that any agreement has been dissolved or that consent to such an agreement was vitiated by fraud or other defense, Plaintiff avers that the Contractor has been unjustly enriched without cause in violation of Louisiana. Civil Code Article 2298. Due to this enrichment, Plaintiff has incurred economic damages.

29.

In addition to those violations which are stated above, in the alternative where necessary and accepted by this honorable Court, Plaintiff avers that Defendant's action violate the Louisiana Unfair Trade Practices Act, notably LA R.S. 51:1405 and LA R.S. 51:1409, because (1) Contractor's actions involved an awareness of the danger, (2) Contractor's faulty workmanship creating a great risk in physical and structural damages, economic loss, violation of state and local building codes, and further consequential damages (3) Contractor sought to fraudulently charge for non-existent services and materials, (4) Contractor's position as a professional in the construction field was detrimentally relied upon by the Plaintiff; and (5) Contractor misrepresented himself as properly licensed by the State to perform the services it contracted with Plaintiff to perform and this was detrimentally relied upon by the Plaintiff. The actions, which are in violation of these statutes have led to economic loss based upon fraud as well as severe mental stress as contemplated by La. R.S. 51:1409, he requests damages in amounts which this court deems equitable.

30.

Also, Contractor's actions result in civil law fraud pursuant to Louisiana Civil Code Article 1953. Contractor's numerous misrepresentations and failures to disclose defects in workmanship resulted in physical damages to the Property and economic damages to the Plaintiff. The circumstances indicate that the Contractor should have been knowledgeable about several flaws in the work, and other services that were required in order to ensure that the Property was built to code. Contractor's failure to adequately disclose these issues and failures to remedy these issues, constitutes civil fraud and therefore Contractor is liable to the Plaintiff for damages. Furthermore, the Contractor reported that work was on-going when, upon information and belief, it in fact was not in progress, said misrepresentation affecting how the Plaintiffs would proceed with the reconstruction of their home. Further, the Plaintiff Mark Reyer represented to the

Plaintiff on numerous occasions that it had made claims on Plaintiff's behalf to Chubb, when in fact it had not.

31.

Louisiana Civil Code Article 2315 requires that the Defendant be liable for any damages caused to the Plaintiff for Defendant's negligence and other tortuous conduct.

32.

Plaintiff also states any and all other causes of action that may become known through a trial of this matter on its merits and requests any and all other damages or remedies which this court may deem equitable.

33.

Plaintiff reserves the right to notice of defect to this pleading and reserves the right to amend or supplement this Petition after discovery of any additional fact, law, or claim, the amendment of which to be performed by the filing of any subsequent pleading.

35.

As a result of the actions of Chubb, Thunder and Reyer, the Plainitffs have been defrauded of and/or wrongfully required to incur expenses in the amount of ONE HUNDRED SIXTY-THREE THOUSAND EIGHT HUNDRED THIRTY-NINE AND 45/100 ($163,839.45) DOLLARS. In order to properly return the home into a condition comparable to before the storm will require extensive work and even more so due to the damage caused by the Defendants. The most current estimate done over one year ago puts the damage to restore the home at FOUR HUNDRED THIRTY-TWO THOUSAND EIGHT HUNDRED FIFTY-EIGHT AND 12/100 ($432,858.12) DOLLARS. Defendants are liable for all of these costs as well as any damages for negligence and bad faith.

36.

Also, as a result of the Defendants' several violations of law and improper actions, the Plaintiffs have suffered additional damages, including but not limited to additional expenses, the inability to enjoy their home for its purpose, fear from outside elements and consequential damages, compensation for unfair trade practices, loss of interest on its finances, finance charges, compensation for his time and effort, legal costs, attorneys fees, inconvenience, and any other damages allowed under Louisiana law which may be proven at the trial of his matter.

**CAUSES OF ACTION AGAINST CHUBB FEDERAL INSURANCE COMPANY**

37.

Plaintiff re-asserts all the facts above-stated, and asserts the same causes of actions against the Insurer.

38.

Chubb is liable to the Plaintiffs for its Contractors' negligence in causing damages to the Property. Chubb's chosen Contractor's lack of care, caution, and professionalism caused the structure to deteriorate and further damages to be incurred by the Plaintiffs.

39.

Plaintiff also asserts a master/servant relationship between Chubb, Thunder and Reyer. According to Louisiana Civil Code Article 2320 "Masters ... are answerable for the damaged occasioned by their servants and overseers, in the exercise of the functions in which they are employed." Chubb was in a position to prevent further damaged caused by the actions of Thunder and Reyer but continued to use them, thus causing further extensive damage to the Property. Therefore, Chubb is liable for the act of their agents acting on their behalf. Thunder and Reyer would have never damaged the home but for the insistence of their employment by Chubb.

40.

Plaintiffs request that this Court grant it damages in the amounts which this court deem necessary to make the Plaintiffs whole, including but not limited to amounts paid to subcontractors, amounts for consequential damages due to the faulty workmanship, interest on finances, finance charges, inconvenience and effort, legal costs, and attorney fees.

41.

Plaintiffs also state any and all other causes of action that may become known through a trial of this matter on its merits against any and all parties which are herein named or which may be added later, and request any and all other damages or remedies which this court may deem equitable.

42.

Plaintiff reserves the right to notice of defect to this pleading and reserves the right to amend or supplement this Petition after discovery of any additional fact, law or claim, the amendment of which to be performed by the filing of any subsequent pleading.

WHEREFORE, Plaintiff prays that Defendant be served with process of this Petition for Damages and duly cited to answer same, that after all legal delays and due proceedings are complete that there be judgment in favor of Plaintiff and against Defendant for the full amount of Plaintiff's damages, legal interest, attorneys fees, together with all costs incurred in this matter.

Plaintiffs reserve its right to a trial by jury. Plaintiff reserves its right to amend this Pleading.

Respectfully submitted,

_____
SCOTT G. WOLFE, JR (Bar Roll 30122)
WOLFE LAW GROUP, L.L.C.
4821 Prytania Street
New Orleans, LA 70115
(504) 894-9653 * (866) 761-8934 (fax)
**Attorney for the Plaintiffs**

**PLEASE SERVE:**

**THUNDER RESTORATION, INC.**
Through its registered agent for service
NATIONAL REGISTERED AGENTS, INC.,
1280 CLAUSEL STREET
MANDEVILLE, LA 70448

**CHUBB FEDERAL INSURANCE COMPANY**
C/O Louisiana Secretary of State
8549 UNITED PLAZA BOULEVARD
BATON ROUGE, LA 70809

**MARK REYER**
WITHHOLD SERVICE

A TRUE COPY
_____
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

ATTORNEY'S NAME: Wolfe, Jr., Scott 30122
AND ADDRESS:
NEW ORLEANS LA 70115

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO: 2009 — 01489    2                                SECTION: 15 — B

RYAN, GRACE B. ETAL versus THUNDER RESTORATION, INC. ETAL

## CITATION

TO: CHUBB FEDERAL INSURANCE COMPANY
THROUGH:
C/O Louisiana Secretary of State
8549 UNITED PLAZA BOULEVARD
BATON ROUGE    LA    70809

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

CIVIL SHERIFF'S OFFICE   2009 FEB 17 A 10: 28   RECEIVED

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you may call 529-1000 for more information.

COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA    February 11, 2009.

Clerk's Office, Room 402, Civil Courts Building,
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____ Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

**PERSONAL SERVICE**

On this _____ day of _____ served a copy of the w/i petition
FOR DAMAGES

On CHUBB FEDERAL INSURANCE COMPANY

THROUGH:

[Stamp: JULIE NESBITT, Deputy Sheriff, Parish of East Baton Rouge, Louisiana; MAR 10 2009; serving a copy of this document to the office of the Secretary of State on the named party through the Secretary of State]

Returned same day
No. _____
Deputy Sheriff of _____
Mileage: $ _____

/ ENTERED /
PAPER    RETURN
SERIAL NO.   DEPUTY   PARISH

**DOMICILIARY SERVICE**

On this _____ day of _____ served a copy of the w/i petition
FOR DAMAGES

On CHUBB FEDERAL INSURANCE COMPANY

THROUGH:

by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____
CHUBB FEDERAL INSURANCE COMPANY

being absent from the domicile at time of said service.
Returned same day
No. _____
Deputy Sheriff of _____

[Stamp: RECEIVED MAR 09 2009 EBR SHERIFF'S OFFICE; VERIFIED JMG 03-19-09]

2009-1489