```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

GRACE B. RYAN AND CLARA                           CIVIL ACTION
G. RYAN
                                                  NO. 09-3261
VERSUS
                                                  SECTION B(1)
THUNDER RESTORATION, INC,
ABC INSURANCE, CHUB FEDERAL INS.
CO., AND MARK REYER


## ORDER AND REASONS

Before the Court is Defendant Federal Insurance Company's Motion for Judgment on the Pleadings. (Rec. Doc. 5). The motion is opposed. (Rec. Doc. 9).

For the following reasons **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED** in part and **DENIED** in part.


## BACKGROUND

This dispute arises from damages Plaintiffs sustained as a result of Hurricane Katrina on or around August 29, 2005. Plaintiffs made a claim with their homeowner's insurance policy, held by Defendant Federal. (Rec. Doc. 1-2). In or around October 2005, Defendant assigned an adjuster to the property to estimate the extent of the damages caused by the hurricane. (*Id*. at 2). Plaintiffs averred that the estimates provided were inadequate, and

1

subsequently requested a supplemental adjustment. (*Id.*). After the supplemental adjustment, Plaintiffs obtained estimates from approximately six local contractors to repair the property and provided said estimates to Defendant. (*Id.*). According to Plaintiff, Defendant rejected all of the estimates and compelled Plaintiff to hire Thunder Restorations, Inc. ("Thunder") to complete the work. (*Id.* at 3).

On or around April 18, 2006, Mark Reyer ("Reyer"), a member of Thunder, conducted another survey of Plaintiffs' home. (*Id.*). Plaintiffs allege that during this survey, Reyer pulled a refrigerator from the wall, thereby causing the water line to rupture. (*Id.*). Plaintiffs claim that the leak was not discovered until around June 2006. At that time, there was considerable flooding, mold and mildew caused by the leak. (*Id.* at 3). Plaintiffs assert that although Reyer informed them that he would report the damage to Defendant Federal, he failed to do so. (*Id.*).

According to Plaintiffs, Thunder was compensated for the work by Defendant Federal as well as directly by Plaintiffs, totaling $163,839.45. (*Id.*). Plaintiffs assert that in addition to slow progress, Thunder caused further damage to the property. (*Id.*). On or around July 10, 2007, Reyer notified Plaintiffs that they had stopped working on Plaintiffs' home. (*Id.* at 4).

2

On February 10, 2009 Plaintiffs filed the instant suit in the Civil District Court for the Parish of Orleans, listing Thunder, Reyer, ABC Insurance and Federal as defendants. (*Id*.). Plaintiffs requested that service of Reyer be withheld and have only perfected service on Defendant Federal Insurance Co. (*Id*. at 9). Defendant Federal answered and timely removed the action to this Court. (Rec. Doc. 1). On June 1, 2009, Federal filed the present Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Rec. Doc. 5).

**DISCUSSION**

*Rule 12(c) Motion*

A. *Standard*

According to the Federal Rules of Civil Procedure, after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Gabarick v. Laurin Maritime (America), Inc.*, No. 08-4156, 2009 WL 43096, at *2 (E.D. La. Jan.

3

7, 2009)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). A Rule 12(c) motion is subject to the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id.* (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). As such, the court accepts the complaint's well pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson,* supra. Pursuant to Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Gabarick*, at 2 (citing *Greenberg v. Gen. Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973)). Accordingly, a district court may not dismiss a complaint under Rule 12(c) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Matthews v. International House of Pancakes, Inc.*, 597 F. Supp. 2d 663, 669 (E.D. La. 2009). Thus, the court must determine whether the plaintiff has asserted in his complaint any valid claim for relief. See *Johnson, supra.*

B. *Timeliness*

Although the matter has not been directly addressed in Louisiana, courts have interpreted the word "closed" to mean that every defendant must file an answer before a Rule 12(c) motion can

4

be filed. *See Beall Legacy Partners, L.P. v. City of Waxahachie, Texas*, No. 06-1942, 2006 WL 353471, at *1 (N.D. Tex. Feb 16, 2006); *See also Habeeba's Dance of the Arts, LTD., v. Knoblauch*, No. 06-926, 2006 WL 968642, at *2 (S.D. Ohio April 10, 2006) (citing *Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 894 (D. Cal. 1993)). In cases involving multiple defendants, courts maintain discretion to consider a 12(c) motion even when one of the defendants has not filed an answer. *Id*. (citing *Noel v. Hall,* No. 99-649, 2005 WL 2007876, at *1-2 (D. Or. Aug. 16, 2005). This is most notably true when a plaintiff fails to serve one of the defendants. *Id*. (citing *Moran*). Thus, Courts have permitted a motion on the pleadings before all defendants have filed an answer where no prejudice to any party would result. *Noel, supra* at *1-2.

Both parties rely on *Moran v. Peralta Community College Dist.*, 825 F. Supp. 891 (N.D. Cal. 1993), *declined to follow on other grounds by Radici v. Associated Ins. Co,* 217 F.3d 737 (9th Cir. 2000). In *Moran*, the plaintiff filed suit against multiple defendants and asserted numerous causes of action against each defendant. *Id*. However, one of the defendants had not been served and had not filed an answer. *Id*. The court held that because that particular defendant had not been served, he was not yet a party and the pleadings were therefore considered "closed" for the purposes of the 12(c) motion before the court. *Id*. The court reasoned that because the

5

defendant was not yet a party, the disposition of the motion would have no effect on that defendant. *Id*. The court further provided that to interpret Rule 12(c) otherwise would give a plaintiff the ability to forever preclude a 12(c) motion simply by naming and then not serving an additional defendant. *Id*.

The court finds the reasoning in *Moran* persuasive and further finds that *Moran* is analogous to the case at bar. The Ryans filed suit on February 10, 2009 against multiple defendants and asserted a number of causes of action against each defendant. Although they were named in the petition, ABC Insurance, Thunder, and Reyer have not been served; only Federal has been served and only Federal has filed an answer. Adopting the reasoning in *Moran*, the court finds that these three defendants are not yet considered to be parties to this lawsuit and will not be affected by the disposition of the motion at this time. Therefore, the pleadings are considered "closed" and Federal's motion for judgment on the pleadings is timely.

*Prescription for Hurricane Katrina Suits*

With respect to claims and lawsuits against insurance companies for damages caused by Hurricane Katrina, the Louisiana Legislature has adopted prescriptive guidelines. La. R.S. 22:1894 provides as follows:

6

> Any person or entity having a claim for damages pursuant to a homeowners' insurance policy, personal property insurance policy, tenant homeowners' insurance policy, condominium owners' insurance policy, or commercial property insurance policy, and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim with their insurer for damages, unless a greater time period to file such claim is otherwise provided by law or by contract.

By enacting this statute, the legislature intended for September 1, 2007, to be the deadline for filing lawsuits for damages caused by Hurricane Katrina. *Lila, Inc. v. Underwriters At Lloyd's, London*, 08-0681 (La. App. 4th Cir. 9/10/08), 994 So.2d 139. As such, any plaintiff with claims against an insurer must have filed suit before September 1, 2007 to prevent his claims from prescribing. *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 82562, at *3 (E.D. La. Jan. 12, 2009).

The Ryans do not directly address this issue in their opposing memorandum. Federal referenced paragraphs 14 and 35 of the Ryans' complaint, which state respectively:

> From July 2006 through October or November 2007, Thunder Restorations, Inc. was obligated to perform construction work at the property, and was compensated to perform said work directly by [Federal], and at all times directly by the Plaintiff, in the total amount of $163,839.45; and

> As a result of the actions of [Federal], Thunder and Reyer, the Plaintiffs have been defrauded and/or wrongfully required to incur expenses in the amount of $163,839.45. In order to properly return the home into

7

> a condition comparable to before the storm will require
> extensive work and even more so due to the damage caused
> by the defendants. The most current estimate done over
> one year ago puts the damage to restore the home at
> $432,858.12. Defendants are liable for all of these costs
> as well as any damages for negligence and bad faith.

(Rec. Doc. 1-2 at 3 and 7). Additionally, the Ryans mention in the facts and background section of the complaint that Federal's adjuster's estimates were "woefully inadequate and did not cover all the damage to the residence." (*Id*. at 2). However, the facts also state that the Ryans' subsequent request for a supplemental adjustment was performed. To the extent that the Ryans' complaint states claims against Federal for inadequate payment to repair property, i.e. insufficient estimates and payment to the Ryans thereto, such claims are prescribed.

Federal appears to construe the Ryans' claim that they have been "wrongfully required to incur expenses in the amount of $163,839.45" as an attempt to recover the cost of repairing property damage caused by Katrina. However, the Ryans' complaint appears to seek such costs under a theory of fraudulent action on the part of Federal based upon allegations that Federal had a relationship with Reyer and/or Thunder and forced the Ryans to use Thunder as a contractor. Thunder abandoned repairs on the Ryans' property around July 2007. Accordingly, taking the Ryans' allegations as true, Thunder failed to repair all damage caused by Katrina. To the extent that Federal

failed to pay the Ryans according to the estimates of the adjuster and the supplemental report after Thunder's abandonment and the Ryans' presumably proper actions with respect to its insurance policy thereafter, such claims were not required to be filed by September 1, 2007 under the general Hurricane Katrina legislation.

La. R.S. 22:1973 requires that the claims against Federal for breach of its duties of good faith and fair dealing, to adjust claims fairly and promptly, and make a reasonable effort to settle with the Ryans, be subject to a one year prescriptive period. *See Id.* (*formerly cited as* La. R.S. 22:1220); *Harrell v. Fidelity Sec. Life Ins. Co.*, No. 07-1439, 2008 WL 170269, at *5 (E.D. La. Jan. 16, 2008) (citing *Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, No. 06-7232, 2007 WL 837202 (E.D. La. Mar. 15, 2007)). The Ryans indicated in the complaint, filed on February 10, 2009, that they were informed on or around July 10, 2007 that construction on the property had ceased. Hence, the Ryans had reasonable knowledge of any deceptive actions between the defendants as of that time or a short time thereafter. In either case, the Ryans filed suit close to two years after Reyer stopped working. Therefore, even if the Ryans' allegations of fraudulent activity were not barred by the general Katrina statute, such allegations have prescribed pursuant to La. R.S. 22:1973 because the Ryans filed suit more than one year after gaining knowledge of the alleged fraud.

The Ryans' claims against insurer Federal for penalties and attorney's fees are subject to a prescriptive period of 10 years pursuant to La. R.S. 22:658. *See Id.; Harrell supra,* (citing *Cantrelle Fence & Supply Co. v. Allstate Ins. Co.,* 550 So.2d 1306 (La. App. 1st Cir. 1989)). The Ryans have set forth in the complaint that they seek to recover these sums from Federal as well. To the extent the Ryans aver entitlement to these penalties and fees, their claim has not yet prescribed.

Finally, to the degree the Ryans allege that Thunder was unjustly enriched for work it has not performed and that Federal is vicariously liable, Federal has offered no case law finding that La. R.S. 22:1894 applies to such claims.

### *Prescription for Negligence and Breach of Contract Claims*

Generally, the correct prescriptive period in any action depends on the nature of the action. *Roche v. Jefferson Davis Electric Cooperative, Inc.*, 05-1009 (La. App. 3d Cir. 2/1/06), 922 So.2d 759, 761. It is the nature of the duty breached that determines whether the action is delictual or contractual. *Id.* (citing *Roger v. Dufrene*, 613 So.2d 947, 948 (La. 1993)). The distinction between tort obligations and contractual obligations is that the former flow from the violation of a general duty owed to all persons, whereas the latter flow from the breach of a special obligation contractually

10

assumed by the obligor. *Id*. at 762. In instances where the same acts or omissions may sound in either contract or tort, the applicable prescriptive period is determined by the character which the plaintiff gives his pleadings and the form of his action. *Id.* at 763.

Where a claim is considered delictual in nature, the action is subject to a liberative prescription of one year. La. C.C. art. 3492. This time period commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. *The Kroger Co. v. L.G. Barcus & Sons, Inc*., 43,804 (La. App. 2d Cir. 1/14/09); 2 So.3d 1163, 1166 (citing *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502); *Alexander v. Fulco*, 39,293 (La. App. 2d Cir. 2/25/05), 895 So.2d 668). An injured party has constructive notice of his claim when he possesses information sufficient to incite curiosity, excite attention or place a reasonable person on guard to call for inquiry. *Id.* (citing *Alexander*, supra). Conversely, a personal action, such as an action for breach of contract, is subject to a liberative prescriptive period of 10 years. See La. C.C. art. 3499.

### A. *Claims for damages caused by negligence*

The Ryans have specifically alleged a number of negligent acts committed by Reyer and have asserted that Thunder and Federal are

11

vicariously liable. In the petition, the Ryans stipulate that the refrigerator leak, flooding, mold and mildew damage allegedly caused by Reyer was discovered in June 2006. (Rec. Doc. 1-2 at 3). The Ryans contend that on or around July 10, 2007, all renovations to their home came to a halt. Thus, Federal argues that the one-year prescriptive period for delictual actions began to run from that point and would have ended on or around July 10, 2008. Federal asserts that the Ryans commenced the present action around February 10, 2009, more than one year from the time Federal asserts the Ryans learned of any defects caused by acts of negligence of any of the defendants.

Viewing the Ryans well-pleaded facts as true and in the light most favorable to them, reasonable minds would likely reach a similar conclusion. The Ryans asserted in their complaint that during the renovation project, there were many items of damage to the property that were discovered and/or caused by Thunder. (Rec. Doc. 1-2 at 4). The Ryans allege that Reyer informed them about these damages when he discovered/caused them. (*Id.*). Although the complaint does not indicate exactly when the Ryans acquired actual knowledge of the full extent of their damages, they did possess information sufficient to place a reasonable person on guard to call for inquiry by July 10, 2007 at the very latest when the construction terminated, and had constructive knowledge that they were victims of a tort. *See*

*Keenan v. Donaldson, Lufkin & Jenrette, Inc.,* No 09-30102, 2009 WL 1959418, at *4 (La. 2009)(ruling that the plaintiff had sufficient information to satisfy constructive knowledge when the defendant did not perform after performance was due, thereby commencing the one year prescriptive period). Therefore, it is apparent from the pleadings that the Ryans had actual or constructive knowledge of their damages as of July 10, 2008 at the latest, and their claims for those caused by the negligent acts of Reyer and the vicarious liability of Thunder and Federal have prescribed.

### B. *Claims for damages from breach of contractual obligations*

The Ryans have also asserted a number of contract-based causes of action. Plaintiff's complaint specifically alleges that all defendants failed to perform their contractual obligations and engaged in acts of fraud and bad faith, and asserts that the Ryans have suffered mental distress and are entitled to indemnification as a result. (Rec. Doc. 1-2 at 5-7). Additionally, the Ryans argue that Thunder has been unjustly enriched having received payment from the Ryans and Federal. (*Id.* at 6). Reyer, Thunder, and Federal each had an obligation to perform their duties to the Ryans in good faith. The defendants' duties to repair the Ryans home to the best of their

ability and pay the Ryans for any damage caused by the defendants were not targeted to the general public. *See Roche*, supra. These duties and obligations were specific to the Ryans, and therefore contractual in nature. Federal has argued that this is a claim arising out of Hurricane Katrina and has prescribed pursuant to La. R.S. 22:1894. However, the statute indicates that these suits are barred unless contract, the parties, or the law provides for a later date for the filing of an action. These parties had not made an agreement or stipulated by contract a longer prescriptive period within which the Ryans could file suit. However, causes of action that arise from a breach of a contractual obligation are subject to a ten (10) year prescriptive period by law. Therefore, to the extent the Ryans have asserted violations of contractual obligations, their cause of action has not prescribed.

In conclusion, the claims against Federal for damages the Ryans sustained as a direct result of Hurricane Katrina have prescribed because this suit was not filed on or before September 1, 2007. The Ryans have, however, asserted claims for damages which are separate and apart from the hurricane itself, including causes of action that fall under both delictual and contractual theories of recovery. To the extent that the claims fall under the former, such claims have prescribed because more than one year has passed since the Ryans acquired actual or constructive knowledge of the damages arising

therefrom. To the extent the Ryans assert claims which are contractual in nature, such claims are subject to a ten (10) year prescriptive period have not prescribed. Therefore, Federal is not entitled to judgment as a matter of law as to these claims.

For the foregoing reasons, Defendant's motion for judgment on the pleadings is (1) **GRANTED** in PART as to claims referring to damages directly resulting from Hurricane Katrina, inadequate payment and repair of property, fraudulent activities, negligence, and vicarious liability; and (2) **DENIED** in PART as to claims referring to penalties and attorney's fees, unjust enrichment, and duties to perform contractual obligations.

New Orleans, Louisiana, this 26th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE