```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**GRACE B. RYAN AND CLARA B. RYAN**                    **CIVIL ACTION**

**VERSUS**                                              **NO. 09-3261**

**THUNDER RESTORATION, INC.,**                          **SECTION: B(1)**
**ABC INSURANCE, CHUBB FEDERAL**
**INSURANCE COMPANY, MARK REYER**

## ORDER AND REASONS

Before the Court is Defendant Thunder Restoration, Inc.'s ("Thunder") Motion to Dismiss (Rec. Doc. No. 41) and Plaintiffs' Opposition (Rec. Doc. No. 45). For the following reasons,

**IT IS ORDERED** that the motion is **GRANTED.**

This dispute arises from damages Plaintiffs allegedly sustained as a result of Hurricane Katrina. Rec. Doc. No. 41-1, at 1. Plaintiffs made a claim under their homeowner's insurance policy with Defendant Federal Insurance Company ("Federal") and thereafter hired Thunder to repair the property. *Id.* Plaintiffs state that all actions and/or work on their property ended on or around July 10, 2007. *Id.* On February 13, 2009, Plaintiffs filed suit against Federal, Thunder, Mark Reyer (an employee of Thunder) and ABC Insurance Company (Thunder's alleged insurer); however, the latter two defendants have since been dismissed from the suit. *Id.* at 1-2. Plaintiffs assert various theories of liability against Thunder for damage to their property as a result of Hurricane

Katrina, inadequate repair of property, fraudulent activities, negligence, vicarious liability, claims under the Louisiana Unfair Trade Practices Act, breach of contract, unjust enrichment, and attorneys' fees. *Id.*

On June 1, 2009, before Thunder was made a party to the lawsuit, Federal filed a Motion for Judgment on the Pleadings alleging that Plaintiffs' claims had prescribed. Rec. Doc. No. 5. This Court granted the motion in part and denied the motion in part, finding that Plaintiffs' claims referring to damages directly resulting from Hurricane Katrina, inadequate payment and repair of property, fraudulent activities, negligence, and vicarious liability had indeed prescribed; however, Plaintiffs' claims arising under contractual theories of recovery, specifically referring to penalties and attorneys' fees, unjust enrichment, and duties to perform contractual obligations were still viable. Rec. Doc. No. 15. As Thunder was not a party to the suit at the time of this Court's ruling, the decision noted that Thunder would not be affected by the disposition of the motion at such time. *Id.* at 6. Therefore, Thunder filed the instant motion, seeking dismissal of all claims against it that have prescribed pursuant to this Court's prior ruling, as well as the additional claims under the Louisiana Unfair Trade Practices Act and those claims for negligence against Thunder only that were not previously addressed. Rec. Doc. No. 41-1, at 2.

As discussed in this Court's previous order, Plaintiffs' claims that fall under delictual theories of recovery have prescribed, since Plaintiffs filed suit after more than one year had passed since they acquired actual or constructive knowledge of the damages arising therefrom.  Rec. Doc. No. 13, at 13-14. Plaintiffs acknowledge this Court's previous ruling and further admit that their claims under the Louisiana Unfair Trade Practices Act and for damages arising from Thunder's alleged fraud and negligence have prescribed. Rec. Doc. No. 45, at 1.  Accordingly,

**IT IS ORDERED** that Defendant's motion (Rec. Doc. No. 41) is **GRANTED,** and Plaintiffs' claims against Thunder under the Louisiana Unfair Trade Practices Act and for damages arising from delictual actions are hereby **DISMISSED.**

New Orleans, Louisiana, this 26th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE